UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ASHLEY MAHER,<br><br>        Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10,<br><br>        Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>19 CV 6454 |

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the State and City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Ashley Maher is a resident of Richmond County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:15 a.m. on August 22, 2018, plaintiff was asleep inside the room she rented at 298 Saint Marks Place in Staten Island.

13. Ms. Maher was awakened by loud commotion in the hallway outside her bedroom.

14. As plaintiff walked toward her locked bedroom door to see what was going on in the hallway, defendants broke through the door.

15. Defendants grabbed Ms. Maher – who was stunned, wearing only undergarments and posed no threat of any kind – and violently slammed her to the ground.

16. Defendants tightly handcuffed plaintiff as she lay face-down on the ground in the hallway. Plaintiff was in extreme pain, particularly in her left hand.

17. Ms. Maher remained on the ground in her undergarments as other tenants, unknown to her, stepped over her in the hallway.

18. Plaintiff remained in her undergarments for some time before a female officer dressed her, took her down to a police van and took her, in extreme pain, to the 120th Precinct.

19. After spending hours in excruciating pain, Ms. Maher was eventually transferred to central booking, arraigned on various charges and released from custody.

20. In significant pain to her left hand, plaintiff went to Richmond University hospital where x-rays revealed the bones in her left pinky finger had been shattered.

21. Plaintiff's left hand was placed in a hard cast which she wore for several months, followed by a splint and then physical therapy.

22. Ms. Maher continues to suffer from physical pain and emotional trauma as a result of defendants' unprovoked violent assault against her. Her finger has sustained permanent injury.

23. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

24. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

25. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

26. Plaintiff suffered damage as a result of defendants' actions. Ms. Maher suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, loss of income, embarrassment and humiliation.

## FIRST CLAIM
**Unreasonable Force**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**State Law Assault and Battery**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

32. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

33. On August 22, 2018, defendants, acting within the scope of their employment and under color of state law, intentionally and willfully placed plaintiff in

fear of harmful physical contact, and did subject plaintiff to such harmful physical contact, thereby unlawfully assaulting and battering plaintiff.

34. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligence

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff.

38. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Negligent Hiring/Training/Retention

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

42. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

43. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

44. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Failure to Intervene**

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 15, 2019
New York, New York

ELEFTERAKIS, ELEFTERAKIS & PANEK

_____
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
bfett@eeplaw.com

*Attorneys for plaintiff*