

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey

June 15, 2020

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Maher v. City of New York, et al.*, 19 CV 6454 (BMC)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write to respectfully request a sixty-day extension of the fact discovery deadline, from today until August 14, 2020. Plaintiff apologizes for the untimeliness of this request.

    If it should please the Court, plaintiff has diligently prosecuted the matter. The parties appeared for an initial conference on January 13, 2020, at which plaintiff served initial discovery demands and notice of deposition. Plaintiff moved to compel discovery in connection with amendment of the complaint on February 19, 2020. *See* DE #12. Following the Court's ruling, plaintiff appeared at defense counsel's office to review photographs on February 26, 2020, with the amendment filed on March 4, 2020. *See* DE #13.

    Shortly thereafter, new defense counsel appeared (DE #14) and proposed a joint extension of the existing discovery schedule, explaining to the Court that the extension was necessary due to the "COVID-19 pandemic," which, defendants explained, would "impact the ability of defendants to obtain any outstanding documentary discovery" and "hinder [the parties'] ability to safely prepare for and conduct depositions." *See* DE #22. In granting the joint request, the Court appeared to contemplate that depositions might require a further extension, stating "[a]ny further requests for extensions on this basis shall include a proposed plan for video or telephonic depositions." Order dated March 20, 2020.

Hon. Brian M. Cogan
June 15, 2020

Since the Court granted the joint request submitted by defendants in March, additional documents have been exchanged and there has been some limited discussion of settlement. During this time, plaintiff also spent considerable effort attempting to serve the new individual defendant, Detective Greenberg, during the pandemic. That process culminated in electronic service of the defendant on May 28, 2020, and his answer one week ago. DE #24.

Given defendants' expressed concerns regarding the safety of depositions during the pandemic, plaintiff understood the parties to have a shared intention, subject to Court approval, of arranging for depositions to commence once the parties felt comfortable conducting them. Plaintiff received no indication to the contrary from defendants.

Thus, plaintiff sent defendants a draft joint letter this morning proposing a further sixty-day extension of the discovery schedule during which remote fact depositions would take place. To the surprise of the undersigned, defendants responded that their position was that "discovery should now be closed" but that defendants would "agree to limited extension of discovery solely to permit the depositions of detective Greenberg and Ms. Maher." The parties conferred by telephone this afternoon, and defendants maintained their position.[1]

Plaintiff respectfully submits that closing (or limiting) discovery under these circumstances would be unjust, severely prejudice Ms. Maher and unfairly permit defendants to use the pandemic as a sword and a shield. Particularly given plaintiff's courtesy when defendants first raised safety concerns and proposed an extension, and Ms. Maher's diligence, it would serve the interest of justice for her to be permitted to reasonably pursue depositions before the close of discovery. Moreover, significant time remains in the statute of limitations, and closing discovery without depositions would prevent plaintiff from learning of other individuals who may have been involved and seeking to join them. It will also frustrate the goal of a fair trial on the merits.

---

[1] Defendants articulate their position as follows: "It is defendants' position that in accordance with the March 20, 2020 Order of the Court, discovery closes today, June 15, 2020.  Plaintiff first contacted defendants today requesting an extension of the discovery deadline and had not attempted to confer regarding an extension of discovery until this afternoon.  In an effort to amicably compromise, defendants offered to consent to a limited discovery extension for purposes of deposing only the named defendant, Detective Jason Greenberg, as well as the plaintiff, Ashley Maher. Should the Court grant plaintiff's request for a 60 day extension of discovery, defendants respectfully request that they also be permitted to take depositions and engage in additional discovery."

2

Hon. Brian M. Cogan
June 15, 2020

In light of the foregoing, plaintiff respectfully requests a sixty-day extension of fact discovery, until August 14th, so that remote depositions may be conducted and any remaining document discovery completed.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:    Defense Counsel